**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| STEVEN A. BOZSIK, ) | CASE NO. 1:09-cv-00419 |
| ) | |
| Petitioner, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| RICHARD HALL, Warden ) | |
| ) | |
| Respondent. ) | **REPORT AND RECOMMENDATION** |
| ) | |

Petitioner, Steven A. Bozsik ("Bozsik"), challenges the constitutionality of his conviction in the case of *State v. Bozsik*, Medina County Court of Common Pleas Case No. 02CR0106. Bozsik, *pro se*, filed a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on February 24, 2009. On July 22, 2009, Warden Richard Hall ("Respondent") filed a Motion To Dismiss Bozsik's petition. (Doc. No. 8.) Despite two extensions, Bozsik has not filed a response to the motion.[1] This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that Bozsik's petition be DISMISSED.

---

[1] Bozsik has, however, filed a Motion to Dismiss without prejudice (Doc. No. 27) and a Motion to Stay. (Doc. No. 18.) As explained below, Bozsik's petition is untimely and, therefore, no judicial purpose would be served by granting either motion. Therefore, it is recommended that these motions also be denied.

## I. Procedural History

**A. Conviction**

On March 27, 2002, the Medina County Grand Jury charged Bozsik with one count of tampering with evidence in violation of Ohio Revised Code ("O.R.C.") § 2921.12(A)(2). (Doc. No. 8, Exh. 3.)

On September 6, 2002, Bozsik, represented by counsel, pled "no contest." (Doc. No. 8, Exh. 4.) The trial court sentenced Bozsik to a term of four years incarceration to run consecutively to his previous convictions.[2]

**B. Direct Appeal**

Bozsik did not file a direct appeal.

**C. Federal Habeas Petition**

On February 24, 2009, Bozsik filed a Petition for Writ of Habeas Corpus and asserted the following grounds for relief:

> Ground One: Petitioner was denied due process and equal protection of law when his sentence was enhanced from a previous uncounseled conviction.
>
> Ground Two: The no-contest plea was not entered knowingly, voluntarily and intelligently.
>
> Ground Three: Petitioner was denied due process and equal protection of the law being refused the right to collateral attack his criminal conviction.
>
> Ground Four: Ineffective Assistance of Counsel.

---

[2] At that time, Bozsik was already incarcerated, as he was convicted of both aggravated murder in violation of O.R.C. § 2903.01 with a firearm specification and murder in violation of O.R.C. § 2903.02(A) with a firearm specification. The convictions were merged at sentencing. Bozsik was sentenced to life in prison without parole eligibility until he had served twenty-three years. (Doc. No. 8, Exh. 1.)

Ground Five: Conviction and Sentence was imposed by a biased trial judge.

(Doc. No. 1.)

## II.  Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

**A.  One-Year Limitation**

In the instant action, Respondent asserts that Bozsik's petition is time-barred because he did

not file within the one-year limitations period. Respondent contends that Bozsik's conviction became final on October 15, 2002, thirty (30) days after sentencing when the right to file a timely direct appeal expired. (Doc. No. 8 at 7.) Bozsik, on the other hand, asserts that the statute of limitations did not begin running until "April of 2007 when the original trial judge disqualified himself from the case after collateral proceedings [were] filed." (Doc. No. 1 at 14.) Bozsik, however, has no legal basis for establishing this much later date as the beginning of the statutory period. Bozsik has not identified any State created impediment that prevented the filing of an application in violation of the Constitution or laws of the United States, nor has he argued that the factual predicate of his claims were only discovered later.

As Bozsik's conviction became final no later than October 15, 2002, the statute of limitations, absent any statutory tolling, expired on October 14, 2003. Though Bozsik filed a post-conviction petition, a motion to withdraw his plea, as well as several other filings, the first of these occurred on April 6, 2007 – long *after* the statute of limitations expired. Because the statute of limitations had already expired, subsequent filings had no tolling effect. *See, e.g., Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."), *quoting Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998). Furthermore, while Bozsik initiated numerous state court actions with respect to his murder convictions – so many in fact that he was classified as a vexatious litigator pursuant to Ohio law – his current petition challenges only his 2002 tampering conviction.

Therefore, unless equitable tolling is appropriate, Bozsik's petition should be dismissed as

time-barred.

**C. Equitable Tolling**

Finally, the Court finds that equitable tolling does not save this petition. Bozsik did not raise a tolling argument in his petition and failed to file a response after Respondent raised the statute of limitations defense. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding that a petitioner bears the burden of proving that equitable tolling is applicable). In order to be entitled to equitable tolling, Bozsik must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Bozsik has not attempted to demonstrate either. A court should be "much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights." *Vroman*, 346 F.3d at 605, *quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *accord Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Garrison v. Warren Corr. Inst.*, 1999 U.S. App. LEXIS 13314 (6th Cir. Jun. 10, 1999).

Without the benefit of equitable tolling, the instant petition is untimely and should be dismissed.

### III. Conclusion

For the foregoing reasons, it is recommended that this matter be DISMISSED as time barred. Furthermore, as all of Bozsik's pending motions (Doc. Nos. 18 & 27) are rendered moot by the untimeliness of his petition, it is recommended that they also be DENIED.

s/ *Greg White*
U.S. Magistrate Judge

Date: November 19, 2009

## **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.**  *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).**  *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**