IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEVEN A. BOZSIK, | ) CASE NO. 1:09 CV 419 |
| Petitioner, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| RICHARD HALL, Warden, | ) Magistrate Judge Greg White |
| Respondent. | ) **MEMORANDUM OPINION** |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Greg White (Document #29). The Magistrate Judge recommends that the matter be dismissed as time barred. Further, the Magistrate Judge recommends that Petitioner's pending motions (Docket #s 18 and 27) be denied as moot based on the untimeliness of his Petition.

### Factual and Procedural History

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

**A. Conviction**

On March 27, 2002, the Medina County Grand Jury charged Bozsik with one count of tampering with evidence in violation of Ohio Revised Code ("O.R.C.") § 2921.12(A)(2). (Doc. No. 8, Exh. 3.)

> On September 6, 2002, Bozsik, represented by counsel, pled "no contest." (Doc. No. 8, Exh. 4.) The trial court sentenced Bozsik to a term of four years incarceration to run consecutively to his previous convictions.
>
> **B. Direct Appeal**
>
> Bozsik did not file a direct appeal.
>
> **C. Federal Habeas Petition**
>
> On February 24, 2009, Bozsik filed a Petition for Writ of Habeas Corpus and asserted the following grounds for relief:
>
>> Ground One: Petitioner was denied due process and equal protection of law when his sentence was enhanced from a previous uncounseled conviction.
>>
>> Ground Two: The no-contest plea was not entered knowingly, voluntarily and intelligently.
>>
>> Ground Three: Petitioner was denied due process and equal protection of the law being refused the right to collateral attack his criminal conviction.
>>
>> Ground Four: Ineffective Assistance of Counsel.
>>
>> Ground Five: Conviction and Sentence was imposed by a biased trial judge.
>
> (Doc. No. 1.)

Report and Recommendation (Docket #29) at pp.2-3. (Citations omitted.)

On February 24, 2009, Petitioner, Steven A. Bozsik, filed his *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docket #1). On July 22, 2009, Respondent, Warden Richard Hall, filed a Motion to Dismiss the Petition (Docket #8). Despite two extensions, Petitioner has not filed a response to the Motion to Dismiss.

**Report and Recommendation**

On November 19, 2009, the Magistrate Judge issued his Report and Recommendation. The Magistrate Judge found the Petition to be time-barred, as Petitioner failed to file it within the one-year limitations period. 28 U.S.C. § 2244(d)(1) & (2). Further, the Magistrate Judge found no basis upon which the statute of limitations should be tolled.

No objections were filed to the Report and Recommendation.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) states:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not

appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

The standard of review for a magistrate judge's report and recommendation is distinct from the standard of review for the Commissioner of Social Security's decision regarding benefits. Judicial review of the Commissioner's decision, as reflected in the decisions of the ALJ, is limited to whether the decision is supported by substantial evidence. *See Smith v. Secretary of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (citation omitted).

## Conclusion

This Court has reviewed the Magistrate Judge's Report and Recommendation *de novo*. After careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own. The Petition for Writ of Habeas Corpus filed by Steven A. Bozsik pursuant to 28 U.S.C. § 2254 is time-barred and there is no basis upon which to find that the one-year statute of limitations should be tolled. Accordingly, the Court hereby GRANTS the Motion to Dismiss filed by Respondent, Richard Hall, Warden (Docket #8). The Petition filed by Steven A. Bozsik (Docket #1) is hereby DISMISSED. Petitioner's pending Motions (Docket #s 18 and 27) are hereby DENIED AS MOOT.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of

appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain

procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated in the Magistrate Judge's Report and Recommendation, the Petition is barred by the applicable one-year statute of limitations and a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: December 11, 2009